# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO VALDEZ CARRILLO,<br><br>      Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | 1: 10-cv-01828-AWI-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## I. INTRODUCTION

Pending before the Court is plaintiff Gustavo Valdez Carrillo's ("Plaintiff") motion for summary judgment and the cross-motion for summary judgment of defendant Commissioner of Social Security ("Commissioner"). Plaintiff seeks judicial review of an administrative decision denying his claim for Supplemental Security Income disability benefits pursuant to 42 U.S.C. §§ 1381a and 1382c(a)(3)(A). Plaintiff filed his complaint on October 1, 2010. (Doc. 1.) Plaintiff filed his summary judgment motion on July 22, 2011. ( Doc. 17.)   The Commissioner filed his summary judgment cross-motion and opposition on August 31, 2011.  (Doc. 20.)  Plaintiff filed his Reply Brief on September 15, 2011 (Doc. 22.)  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument to United States Magistrate Judge Barbara A. McAuliffe for findings and recommendations to Chief United States District Judge Anthony W. Ishii.

## II. BACKGROUND

**A.     Overview of Administrative Proceedings**

On June 16, 2008, Plaintiff filed an application for Supplemental Security Income benefits, alleging disability beginning December 4, 2007. (Administrative Record, "AR," at 12, Doc. 12.) Plaintiff's application was denied on initial review and again on reconsideration. (AR at 45-46.) Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ"). On September January 12, 2010, Plaintiff appeared with counsel and testified before an ALJ. (AR at 23-44.) In a decision dated February 24, 2010, the ALJ determined Plaintiff was not disabled within the meaning of the Act. (AR at 9-22.) Specifically, the ALJ determined Plaintiff could perform his past relevant work despite his alleged impairments. *Id.* The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (AR at 1-3.) Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

**B.     Plaintiff's Background**

Plaintiff was born on April 2, 1955. (AR at 86.) Plaintiff completed a second grade education. (AR at 32.) For thirty years, up to and including December of 2007, Plaintiff was employed detailing cars. (AR at 28.) Plaintiff currently lives with his friend Lori, and spends most of the day watching television. (AR at 30-31.) Plaintiff has a driver's license, goes shopping and can cook for himself. (AR at 30-31.)

**C.     The Administrative Hearing**

On January 12, 2010, Plaintiff testified before the ALJ regarding his claim for disability. (AR at 23-43.) Plaintiff was represented by counsel. (AR at 23.)

Plaintiff appeared at the administrative hearing in a wheelchair, wearing a neck brace. (AR at 33-34.) Plaintiff testified to wearing the neck brace most of the time, except when he sleeps. (AR at 34.) Plaintiff could not recall how long he had been using the wheelchair or neck brace. (AR at 34.)

Plaintiff stated that he suffers from auditory hallucinations. (AR at 35.) Specifically, Plaintiff testified that when something is bothering him, he hears voices. (AR at 35.) Plaintiff

testified to having pain over his entire body. (AR at 33.) Plaintiff experienced particularly acute pain in his back, the left side of his body and his legs. (AR at 33.) However, plaintiff testified he was taking medication, which was helpful in controlling his pain, and did not cause any notable side effects. (AR at 33-34.)

A vocational expert (the "VE") presented testimony at the Administrative Hearing. As relevant to this appeal, the VE classified Plaintiff's past work as an automobile detailer as unskilled and medium in exertion. (AR at 37.)

**D.      Medical History**

The entire medical record was reviewed by the Court. (AR at 164-451.) The medical evidence will be referenced below to the extent it is necessary to the Court's decision.

**E.      ALJ Findings**

In reaching his decision that Plaintiff has not been under a disability within the meaning of the Act, the ALJ made the following findings:

1. Plaintiff has not engaged in substantial gainful activity since June 16, 2008 (20 CFR 416.971 *et seq.*);
2. Plaintiff has the following severe combination of impairments: Schizoaffective Disorder and mild degenerative disc disease (20 CFR 416.920(c));
3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926);
4. Plaintiff's Residual Functional Capacity: Plaintiff has a residual functional capacity to perform medium work as defined in 20 CFR 416.967(c). Plaintiff has moderate difficulty in understanding, remembering and carrying out detailed or complex instructions but would have no significant difficulty in understanding, remembering and carrying out simple and repetitive tasks consistent with unskilled work;

1     5.      Plaintiff is capable of performing past relevant work as an auto detailer. This past work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity (20 CFR 416.965);

6. Plaintiff does not currently have, nor has Plaintiff had since June 16, 2008 (the date Plaintiff filed his application for disability benefits), a disability within the meaning of the Act.

(AR at 14-22.)

### III.    DISCUSSION

**A.    Standard of Review**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that she has a physical or mental impairment of such severity that she is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists

4

in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Here, Plaintiff argues the ALJ improperly evaluated medical opinion testimony, resulting in an erroneous Step Four finding that Plaintiff could perform his past relevant work.

**B.      Medical Opinion Testimony Evaluation**

**1.      Legal Standard**

In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir.2001); 20 C.F.R. § 404.1527(d)(1)-(2). The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984). The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer*, 908 F.2d at 506. If contradicted by another doctor, the opinion of an examining doctor can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). "This burden can be met by providing a detailed summary of the facts and conflicting clinical evidence, along with a reasoned interpretation thereof." *Rodriguez v. Bowen,* 876 F.2d 759, 762 (9th Cir. 1989).

Notwithstanding the above discussion, an ALJ is not required to accept an opinion of a treating physician, or any other medical source, if it is conclusory and not supported by clinical findings. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a medical source's opinion concerning a claimant's limitations on the ultimate issue of disability. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the medical source's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting

1    medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*;
2    *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart,* 340 F.3d 871 (9th Cir.
3    2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir.1999).

### 2. Testimony By Plaintiff's Treating Physician, Dr. Ara Soghomonian

Plaintiff's treating physician, Dr. Ara Soghomonian, provided medical opinion testimony in support of Plaintiff's claim for disability. (AR at 443.) Dr. Sogomonian opined that, due to spinal stenosis, bilateral extremity weakness and COPD, Plaintiff cannot stand or walk during the workday, and that he must lie down for an hour a day to elevate his legs. (AR at 17, 443.) The ALJ gave no weight to Dr. Soghomonian's opinions. (AR at 16.) As Dr. Soghomonian's medical opinions were contradicted by at least one other medical source, *see e.g.,* AR at 250-252, 272-273, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence in the record to reject Dr. Soghomonian's opinions. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

#### i. Objective Medical Evidence Supports the ALJ's Evaluation of Dr. Soghomonian's Testimony

When medical opinion testimony is not supported by objective evidence, those opinions may be properly rejected. *See Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir.1988) (ALJ properly rejected treating physicians' opinion which was unsupported by medical findings, personal observations or test reports); *Batson v. Comm'r.,* 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ may properly reject a physician's opinion that is conclusory and unsupported by objective medical findings); *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir. 1996) (the ALJ may reject physician reports that do not contain any explanation of the bases of their conclusions).

The ALJ appropriately discounted Dr. Soghomonian's opinions because they were presented in a conclusory manner, and unsupported by the medical record as a whole:

> Dr. Soghomonian opined severe restrictions due to bilateral extremity weakness, spinal stenosis, COPD, and the claimant's need for a wheelchair. [citation.] Dr. Soghomonian's opinions and diagnosis are not consistent with the record as a whole. As indicated above, the objective medical evidence does not provide a foundation for the claimant's alleged bilateral extremity weakness with normal strength on clinical examines [sic], no neurological deficits and normal muscle biopsy. In addition an MRI taken in 2009 revealed no evidence of spinal stenosis.

> As indicated above, there is nothing in the record to reveal a reason for the claimant's need for a wheelchair, including evidence of minimal degenerative changes in the lumbar and cervical spine.  Dr. Soghomonian diagnosed COPD but there is no evidence of subjective complaints or objective findings indicating COPD.

(AR at 16-17).

Plaintiff argues that because objective medical evidence exists which supports Dr. Soghomonian's medical opinions, it was error for the ALJ not to credit them.  However, the existence of medical evidence supporting medical testimony is not dispositive in the presence of contradicting objective evidence.  The ALJ summarized the significant objective evidence contradicting Dr. Soghomonian's opinions:

> An MRI of the T spine revealed only mild degenerative changes and no formal stenosis or cord depression.  An MRI of the lumbar spine showed mild degenerative changes, no stenosis, and no bony destructive process.  An MRI of the C Spine revealed a spinal cord contusion, which is an acute condition and not a chronic condition that would meet the duration requirement of the Social Security Act.  There is nothing to indicate in the record that the claimant has objective medical evidence of a severe impairment involving his cervical or lumbar spine.  There are numerous negative clinical examinations of any abnormality generally associated with a significant spinal abnormality such as motor loss with muscle atrophy or neurological deficits.  Moreover, the negative clinical examinations also include uncooperative efforts on clinical examination.

(AR at 15); *See also,* AR at 247-249 (Dr. Stoltz's evaluation of Plaintiff showed that "[i]n the seated position, [Plaintiff] had no back pain with knee extensions.  In the spine position he had negative straight leg raising signs.  Standing he had no direct spinal tenderness); AR at 394 (radiology labs showing only mild degenerative change, no "frank" central or neural foramen stenosis, and no cord compression or intrinsic cord lesion.")

Moreover, multiple medical professionals disagreed with Dr. Soghomonian's opinions.  (AR at 230-290.)  Dr. Stoltz disagreed with Dr. Soghomonian's standing and walking limitations, and further noted that "[i]t is completely unclear why he is in a wheelchair at this time considering no imagine studies have been performed in teh recent past.") (AR at 250.)  Dr. E. Wong opined that only minimal objective findings were noted, and that Plaintiff did not have a "chronic medical condition that would limit the claimant's ability to work." (AR at 273.)  Dr. I. Ocrant noted that the objective findings were "inconsistent in nature," and that after reviewing

the record as a whole, Plaintiff did not have a medically determinable impairment. (AR at 251-252.) The ALJ has the responsibility for resolving these ambiguities in the Record, and a court will not disturb an ALJ's findings if they are reasonable. *Vincent ex. Rel. Vincent v. Heckler,* 739 F.2d 577, 579 (9th Cir. 1984); *Key v. Heckler,* 754 F.2d 1545, 1549 (9th Cir. 1985). There is ample medical evidence in the Record to support the ALJ's resolution of these differing opinions, such that his decision is supported by substantial evidence.

> **ii. Plaintiff's Uncooperative Efforts and Exaggeration of Symptoms Is A Specific And Legitimate Reason to Reject Dr. Soghomonian's Testimony**

Evidence in the Record demonstrates Plaintiff exaggerated his symptoms.[1] A claimant's exaggeration of his symptoms is a specific and legitimate reasons for rejecting treating physician testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958–959 (9th Cir. 2002) (ALJ may rely on doctor's observation of a claimant's exaggeration of her complaints); *Morillas v. Astue,* 2008 WL 4298222 (N.D. Cal. 2008) (Finding "evidence of exaggeration" a specific and legitimate reason for rejecting the opinions of the treating physician).

The ALJ noted that Plaintiff's "negative clinical examinations also include uncooperative efforts on clinical examination. [citation] Furthermore, the diagnostic testing includes non-cooperative efforts on EMG/NCS testing. . ." (AR at 15.) Consulting Examiner Dr. Stoltz observed that Plaintiff's "[f]orward flexion showed very little effort," and that Plaintiff demonstrated "[p]oor effort with testing with upper extremity examination." (AR at 247.) Moreover, Dr. Stoltz observed that some of Plaintiff's "physical exam findings seem to be somewhat inconsistent in nature." (AR at 248.) As noted by both Dr. Stoltz and the ALJ, "[i]t is completely unclear why he is in a wheelchair at this time . . ." (AR at 15, 248.)[2]

---

[1] While not alleged to contribute to Plaintiff's disabling condition on this appeal, the ALJ noted that "claimant [] reported that he was diagnosed with an abdominal tumor and osteoporosis, but there is nothing in the record to support this." (AR at 20.)

[2] Notably, Reviewing physician E. Wong observed that "[e]ven had the claimant been cooperative at the CE, MER does not establish a chronic medical condition that would limit the claimants ability to work." (AR at 273.)

8

1  Plaintiff's uncooperative efforts with medical examiners and exaggeration of his
2  symptoms is a specific and legitimate reason supported by substantial evidence in the Record to
3  reject Dr. Soghomonian's opinion testimony.

### iii. Dr. Soghomonian's Opinions Were Based Largely on Plaintiff's Subjective Complaints

The ALJ properly noted that Dr. Soghomonian's opinions uncritically accepted Plaintiff's subjective complaints and allegations of functional limitations at face value. (AR at 17.) This is a specific and legitimate reason to reject Dr. Soghomonian's opinions. *Fleming v. Astrue,* 303 Fed. Appx. 546 (9th Cir. 2008) (finding a specific and legitimate reasons to reject medical opinion testimony when the opinions largely rely on the claimant's subjective complaints); *Thacker v. Comm. of Soc. Sec.,* 2012 WL 1978701 (E.D. Cal. 2012) ("That Dr. Borgquist's medical opinions were formed based on Plaintiff's subjective complaints, rather than objective medical evidence, is a specific and legitimate reason for rejecting his findings."); *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible.") "This is especially true considering the credibility of Plaintiff's complaints were properly called into question." *Thacker v. Comm. of Soc. Sec.,* 2012 WL 1978701 (E.D. Cal. 2012).

The ALJ observed that "there is nothing in the record to reveal a reason for the claimant's need for a wheelchair." (AR at 17.) The ALJ correctly noted the weight of evidence showed no diagnostic evidence of any muscle dystrophy basis for Plaintiff's complaints of weakness. (AR at 16, 17, 248.) Diagnostic imaging tests, MRI's and x-ray scans showed only "mild" or essentially normal findings" failing to account for Plaintiff being "bound to a wheelchair" due to lower extremity weakness. (AR at 16, 17, 394, 397.) Clinical examination findings showed no neurological basis for Plaintiff's complaints, and revealed normal muscle strength. (AR at 17, 248.)

Based on these objective findings, the ALJ reasonably inferred that Dr. Sogomonian's opinions with respect to Plaintiff's limitations were based on Plaintiff's subjective complaints.

9

*See Macri v. Chater,* 93 F.2d 540, 544 (9th Cir. 1996) (ALJ is permitted to make inferences "logically flowing from the evidence."). This is a specific and legitimate reasons for rejecting his medical opinion testimony.

### 3. Plaintiff's Treating Psychiatrist, Dr. Josefina Collado

Plaintiff's treating psychiatrist, Dr. Josefina Collada, provided medical opinion testimony in support of Plaintiff claim of disability. Dr. Collada opined that Plaintiff's schizoaffective disorder, along with impairments in orientation, memory, concentration and judgment prevented plaintiff from working. (AR at 440.) At least three physicians contradicted Dr. Collado's findings, *see* AR at 230-290, thus, the ALJ was required to provide specific and legitimate reasons to reject Dr. Collado's opinions. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

#### i. Plaintiff Exaggerated His Symptoms and Failed to Comply With Medical Treatment

A claimant's exaggeration of his symptoms is a specific and legitimate reasons for rejecting treating physician testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958–959 (9th Cir. 2002) (ALJ may rely on doctor's observation of a claimant's exaggeration of her complaints); *Morillas v. Astue,* 2008 WL 4298222 (N.D. Cal. 2008) (Finding specific and legitimate reasons for rejecting the opinions of the treating physicians "evidence of exaggeration.")

The medical record as a whole indicates Plaintiff's desire for mental health treatment was secondary to his goal of obtaining disability benefits. As a means of effectuating this goal, the ALJ reasonably opined Plaintiff was exaggerating his symptoms. (AR at 20.) In each of Dr. Collado's examinations of Plaintiff, Dr. Collado's notes reflect this circumstance. *See, e.g.,* AR at 297 (Plaintiff's "SSI is pending"); AR at 295 (Plaintiff "wanted to have a doctor affirm the fact that he was medically unable to work"); AR at 292 ("SSI is still pending"). Other records confirm this pattern. Records from the Community Medical Center show Plaintiff requested methadone, vicodin and "advice on how to apply for disability." (AR at 171.) As Dr. I. Ocrant observed, Plaintiff's "mental records sufficiently establish [Plaintiff was] seeking coaching for

disability claim." (AR at 251.) Other physicians questioned the credibility of Plaintiff's subjective symptoms as well.  (AR at 247-48, 273.)

The ALJ also noted Plaintiff's noncompliance with his medical treatment regimens. The ALJ may properly reject medical opinion testimony which upon discredited subjective complaints. *See* 20 C.F.R. §§ 404.1530(b) ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled"); *Owen v. Astrue*, 551 F.3d 792 (8th Cir. 2008) (concluding that ALJ properly considered claimant's "noncompliance for purposes of determining the weight to give [doctor's] medical opinions"); *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (stating that, "if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated"); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.")

Specifically, the ALJ stated that:

> The claimant noted that he previously benefitted from psychiatric medications but stopped them as of four years previously when they interfered with his ability to work. Thus up until April 30, 2008, the claimant was not on any type of psychiatric mediation due to his personal choice.

(AR at 20.) However, Plaintiff testified at the administrative hearing that he did not have any problems with his medicine. (AR at 34-35.) Plaintiff's failure to comply with medical treatment regimens is a specific and legitimate reason for Plaintiff's negative credibility finding.[3]

Plaintiff's exaggeration of his symptoms, and lack of overall credibility, is a specific and legitimate reason to reject Dr. Collado's opinion testimony. In this case, the ALJ reasonably determined Dr. Collado's findings were based on Plaintiff's discredited subjective complaints, rather than objective medical evidence. *See infra,* Section III.B.3.ii.

---

[3] Moreover, in conjunction with Plaintiff's failure to follow his medication protocol, the ALJ noted the Record showed a "prior history of [cocaine] abuse that may be related to [Plaintiff's] psychotic symptoms." (AR at 20.)

11

### ii. Dr. Collado's Medical Opinions Were Not Supported By the Record As a Whole

The ALJ properly observed that Dr. Collado's opinions were unsupported by the medical record as a whole. (AR at 20.) This is a specific and legitimate reason for rejecting Dr. Collado's medical opinion testimony. *See Batson v. Comm'r.,* 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ may properly reject a physician's opinion that is conclusory and unsupported by objective medical findings); *See also, Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir. 1996) (the ALJ may reject physician reports that do not contain any explanation of the bases of their conclusions); *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001).

Four physicians reviewing Plaintiff's medical and treatment records opined Plaintiff did not have a medically determinable mental impairment. Dr. R. Tashjian opined Plaintiff's Schizoaffective disorder did not significantly limit or only moderately limited areas of understanding and memory, sustained concentration and persistence, social interaction and adaption, thus, Plaintiff could complete simple repetitive tasks with limited social contact. (AR at 230-243.) Dr.'s I. Ocrant, E. Wong and A. Garcia concurred with Dr. R. Tashjian's assessment. (AR at 251, 273, 274.)

The ALJ found that Dr. Collado's opinions were not based on objective medical findings, but rather, Plaintiff's subjective complaints. (AR at 20.) This is a specific and legitimate reason to reject Dr. Soghomonian's opinions. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible"). The Court's review of Dr. Collado's notes confirms this finding. Dr. Collado's notes consist primarily of Plaintiff's complaints, and observations of Plaintiff's demeanor. Dr. Collado's records, however, do not contain any objectively verifiable medical evidence of any medically determinable mental impairment. Indeed, Dr. E. Wong opined that Plaintiff had no medically determinable mental impairment, and that the diagnoses offered by Dr. Collado was based on Plaintiff's self reported symptoms. (AR at 273.) As Plaintiff's credibility was reasonably discounted, *see supra,* Section

III.B.3.i., the ALJ properly attached less weight to Dr. Collado's opinions because they were based primarily on Plaintiff's self-reported subjective symptoms.

### 4. Testimony of Examining Physician Steven Stoltz

Dr. Steven Stoltz, an examining physician, examined Plaintiff at the request of the Commissioner. Dr. Stoltz found that Plaintiff can carry 10 pounds occasionally, sit without restriction, and stand and walk 60 minutes at a time without interruption for a total of three to four hours in a total eight hour work day. The ALJ gave significant weight to Dr. Stoltz's findings, however, disagreed with the functional limitations recommended by Dr. Stoltz. (AR at 16.) At least one physician contradicted Dr. Stoltz's findings, *see* AR at 251-52, thus, the ALJ was required to provide specific and legitimate reasons to reject Dr. Stoltz's's opinions. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)

#### i. Dr. Stoltz's Recommended Limitations Conflicted With His Findings

The ALJ gave significant weight to Dr. Stoltz's findings regarding Plaintiff's physical examination, however, disagreed with the recommended limitations resulting therefrom. The ALJ rejected these limitations because they conflicted with Dr. Stoltz's treatment findings. (AR at 16.) An ALJ rejects a physician's recommended limitations for specific and legitimate reasons when those limitations conflict with the treatment notes. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (A discrepancy between a physician's notes and recorded observations and opinions and the physician's assessment of limitations is a clear and convincing reason for rejecting the opinion.); *see also Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (affirming ALJ's rejection of physician's opinion as unsupported by physician's treatment notes); *cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ need not accept a treating physician's opinions that are conclusory and brief, or unsupported by clinical findings or physician's own treatment notes).

Here, the ALJ's determination that the recommended limitations conflicted with Dr. Stoltz's findings was reasonable. As the ALJ observed, Dr. Stoltz noted the following:

> "The claimant was noted to have no back pain with knee extensions and negative straight leg raises. The claimant exhibited no direct spinal tenderness. The claimant was noted to show <u>very little effort</u> on forward flexation and <u>poor effort</u>

with testing of upper extremities." The claimant was noted to have good motor reflexes and full strength in all extremities. "

(AR at 16, 244-49.) Dr. Stoltz also noted that "[s]ome of [Plaintiff's] physical exam findings seem to be somewhat inconsistent in nature . . . It is completely unclear why he is in a wheel chair at this time considering no imaging studies have been performed in the past . . . and that [Plaintiff] has no restrictions with the use of his feet." (AR at 249.)

Although Plaintiff disagrees with the ALJ's interpretation of the medical evidence, the Court will not second-guess the ALJ's reasonable conclusions. Based on Dr. Stoltz's clinical findings, the ALJ correctly observed that Dr. Stoltz did not identify objective findings that would justify the his recommended limitations. This is a specific and legitimate reason to discount his limitation findings.

### ii. Plaintiff Exaggerated His Symptoms and Put Forth Poor Effort On Examination

The ALJ cited Dr. Stoltz's opinion that Plaintiff put forth poor effort on examination. A claimant's exaggeration of his symptoms is a specific and legitimate reasons for rejecting physician testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958–959 (9th Cir. 2002) (ALJ may rely on doctor's observation of a claimant's exaggeration of her complaints); *Morillas v. Astue,* 2008 WL 4298222 (N.D. Cal. 2008) (Finding specific and legitimate reasons for rejecting the opinions of the treating physicians "evidence of exaggeration.")

The ALJ noted Dr. Stoltz's observation that Plaintiff put forth "very little effort on forward flexion and poor effort with testing of the upper extremities." (AR at 16, 247.) Dr. Stoltz's observation that the results of Plaintiff's physical exam were inconsistent, and that it was "completely unclear" why Plaintiff was in a wheelchair further evinces exaggeration of symptoms. This was a specific and legitimate reason for rejecting the functional limitations recommended by Dr. Stoltz.

### iii. Dr. Stoltz's Opinions Were Based Largely on Plaintiff's Subjective Complaints

The ALJ determined that Dr. Stoltz's functional limitations were not based on objective medical evidence. (AR at 16.) "Rather, such limitations appear to be based on the claimant's subjective complaints." (AR at 16.) This is a specific and legitimate reason to reject Dr. Stoltz's opinions. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible.")

As the ALJ had determined there was no objective evidence to support Dr. Stoltz's limitations, the ALJ reasonably inferred that such limitations were derived from Plaintiff's subjective complaints. Since Plaintiff's credibility, particularly during Dr. Stoltz's examination, was properly discounted, the ALJ's partial rejection of Dr. Stoltz's limitations was reasonable.

**C.   The ALJ Did Not Err At Step Four**

At step-four of the sequential evaluation process, a claimant must establish that his or her severe impairment or impairments prevent him or her from doing past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). The claimant has the burden of showing that he or she can no longer perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); *Clem v. Sullivan*, 894 F.2d 328, 331-32 (9th Cir. 1990); *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1998) ("It is Plaintiff's burden to demonstrate disability at Step Four.")

The regulations explain the step-four evaluation: "If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled." 20 C.F.R. §§ 404.1520(e); 416.920(e). The ALJ has the responsibility for resolving these ambiguities in the Record, and a Court will not disturb an ALJ's findings if they are reasonable. *Vincent ex. Rel. Vincent v. Heckler,* 739 F.2d 577, 579 (9th Cir. 1984); *Key v. Heckler,* 754 F.2d 1545, 1549 (9th Cir. 1985).

The ALJ's Step Four finding was reasonable. The ALJ provided specific and legitimate reasons based on substantial evidence in the Record for rejecting the medical opinion testimony of Dr.'s Soghomonian, Collado and Stoltz. *See supra,* Section III.B.2-4. Substantial evidence in the Record supported the ALJ's residual functional capacity finding that Plaintiff could perform medium work.

## IV.   CONCLUSION

Based on the foregoing, the Court finds the ALJ's decision is supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court RECOMMENDS that:

1. Plaintiff's motion for summary judgment be DENIED;
2. The Commissioner's cross-motion for summary judgment be GRANTED;
3. The Clerk of Court enter judgment in favor of the Commissioner of Social Security, and against Plaintiff Gustavo Valdez Carrillo.

These findings and recommendations will be submitted to the Chief United States District Judge Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 23, 2012**            **/s/ Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE